FLORENCIO GALAN, ALIAS DANIEL B. ROMERO, v. THE STATE.

No. 2010.     Decided November 13, 1912.

**1.—Murder—Statement of Facts.**

Where the statement of facts was not approved by the trial judge, the
same could not be considered on appeal.

**2.—Same—Bill of Exceptions—Practice on Appeal.**

Where the bill of exceptions was refused by the trial judge, it can not
be considered on appeal.

**3.—Same—Jury and Jury Law—Separation of Jury—Bill of Exceptions.**

Where the trial judge qualified the bill of exceptions, as to the separation of the jurors, that every juror was constantly within the sight and hearing of an officer and within the immediate view and surveillance of the court, and it was not shown that the jurors talked to anyone, there was no error.

**4.—Same—Witness—Officer in Charge of Jury—Rule—Waiver.**

Upon trial of murder, there was no error to permit the sheriff, although a witness in the case, to accompany the jury, there being no showing that the officer attempted to influence the jury; nor was there any error in not placing the sheriff under the rule; besides, the defendant had waived this.

**5.—Same—Jury and Jury Law—Separation of Jury—Remarks by Sheriff.**

Where, upon trial of murder, one of the jurors started to the toilet, but was immediately recalled and the sheriff remarked, "Gentlemen, you must all remain together, this is San Antonio rules;" whereupon the court instructed the jury not to consider this remark, there was no reversible error, although the sheriff's conduct was improper.

**6.—Same—Charge of Court—Dying Declarations—Bill of Exceptions.**

Where the bill of exceptions did not show that the deceased's mind, at the time he made the declarations, was so affected as to make his declarations inadmissible, the same was insufficient, and the complaint therein that the evidence called for a charge upon dying declarations and the sanity of deceased, etc., could not be considered on appeal.

**7.—Same—Charge of Court—Justifiable Homicide—Bill of Exceptions.**

Where defendant objected to the charge of the court because it did not submit the question of justifiable homicide when committed to prevent a felony, and the bill of exceptions, in the absence of a statement of facts, did not state all the evidence bearing upon that question, the same could not be considered on appeal.

**8.—Same—Communicated Threats—Charge of Court—Bill of Exceptions.**

Where, in the absence of a statement of facts, defendant's bill of exceptions failed to allege all the evidence bearing upon the question of communicated threats, an objection that the court should have charged thereon can not be considered on appeal.

Appeal from the District Court of Comal. Tried below before the Hon. H. G. Henne, Special Judge.

Appeal from a conviction of murder in the second degree; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of qualification of bills of exception: Myers v. State, 65 Texas Crim. Rep., 448.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the second degree. The jury gave him ten years in the penitentiary.

There is a purported statement of facts in the record, but not being approved by the trial judge can not be considered

1. The first bill of exceptions was refused by the judge, therefore it can not be considered.

2. The second bill of exceptions recites that the court erred in permitting the jurors who had been accepted by both sides as part of the panel to try the case, and after having been sworn, to separate and intermingle with other people in the courtroom without being accompanied by proper officers, and prior to the return of the verdict and before the jury had been completed to try the case, and without the consent of the defendant, and in violation of the statute. The judge signs this bill with the statement that every juror was constantly within the sight and hearing of an officer and within the immediate view and surveillance of the court. This bill does not show error as qualified by the judge. It does not undertake to show that the jurors had anything to do with the people or talked with them, or had any discussion with them, or that anybody spoke to them.

3. Another bill of exceptions recites that the sheriff of Comal County, who was a material witness for the State, was permitted to remain in charge of and accompany the jury as an officer of the court during the trial of the case, and after defendant's counsel had invoked the rule as to all the witnesses. This is all of the bill. The court qualifies this by saying that W. H. Adams, sheriff of Comal County, had been exempted from the rule by defendant's counsel. We do not believe it was error to permit the sheriff, although a witness in the case, to accompany the jury, unless there was something done by the sheriff which influenced or tended to influence the jury in their verdict. Of course, defendant could not raise objection to the fact that the witness was not under the rule after he had been exempted by his counsel. He was the principal officer of the court among the constabulary whose duty it was to wait upon the court and jury. If he did wrong in the matter some fact ought to be stated showing or tending to show such action.

4. Another bill recites that before the conclusion of the trial one of the jurors left the jury box and started to walk away, whereupon the court called the juror, telling him to return, and that if he desired anything the sheriff would wait on him, whereupon the juror remarked that he desired to retire, and the sheriff then, in the presence and hearing of the entire jury, made the following remark: "Gentlemen, you must all remain together; this is San Antonio rules;" which remark was prejudicial to the rights and interests of the defendant, because it was calculated to and did prejudice the jury against the defendant, because defendant's counsel was a practicing attorney from San Antonio, and by plain inference left the impression with the jury that but for the objection of defendant's counsel, the jury need not be kept together, but could go wherever they pleased without being accompanied by an officer. This bill was prepared by counsel for appellant and refused by the court, who makes this statement: "Refused and qualified, and the following bill allowed and approved in

lieu thereof, to wit: One of the jurors, having a call from nature, got up from his seat and started to the toilet in the ante-room of the courtroom, whereupon the court called to said juror and directed him to return. The juror then expressed his desire to retire, and the court stated to the jury that if they wanted anything that the sheriff would wait on them, but that they were not permitted to separate. The sheriff then in the presence and hearing of the jury made the remark, 'Gentlemen, you must all remain together, this is San Antonio rules.' The court thereupon instructed that they should not consider the remark made by the sheriff." The sheriff should not have made the remark, but in view of the fact that the court instructed the jury that they should not consider said remark in any way we are of opinion it is not sufficient cause to reverse the judgment.

5. Another bill recites that appellant excepted to the charge because it failed and omitted to instruct the jury distinctly upon all the law applicable to the case as made by the evidence in this: The evidence raised and called for a charge upon dying declarations, and what constituted a dying declaration, and what weight should be given by the jury to such dying declaration; the sanity of deceased at the time of said alleged declaration was a material issue, in this: that the State's witness, Dr. Leonard's evidence was, that from his experience as a doctor, a man with a gunshot wound in the stomach which caused all the poisonous fluid and evacuation of the whole intestines and stomach into the abdominal cavity, and bleeding internally, blood poison would set up at once, and it would be a rare case for a man five to seven hours afterwards to be in his sane mind, and that his testimony was given as an expert physician. This is qualified by the judge as follows: "This bill of exception is refused and qualified and the following bill allowed and approved in lieu thereof, to wit: On the trial of the above numbered and entitled cause, as soon as the court had read and delivered his charge in writing to the jury the defendant objected and excepted to said charge, because the said charge failed and omitted to instruct the jury distinctly upon all the law applicable to the case as demanded by the evidence in this, to wit: The said evidence raised and called for a charge upon dying declaration and what constituted a dying declaration and what weight should be given by the jury to such dying declaration." The bill as prepared by counsel for appellant and refused by the court would hardly present the matter, because it does not show or attempt to show that the declarant was in the condition the doctor describes which might cause his mind to be affected; it does not undertake to show as a fact it had been several hours from the time of the shot to the making of the dying declaration, nor does it undertake anywhere in the bill to state that the declarant was in such condition that his mind was affected, or that the dying declaration was in any way impugned by the condition of the declarant. The facts connected with the declaration are not stated, nor is the declaration itself stated. There is nothing in the

bill by which this court is enabled to review this matter intelligently as presented by defendant's bill, but as the bill is stated by the court there would be no error. The exceptions were of the most general nature and to the effect that the evidence called for a charge upon dying declarations, and what constituted a dying declaration and what weight should be given by the jury to such declaration. This bill, as presented, is not in such condition that it requires us to review the matter.

6. The next bill recites that the evidence called for a charge on justifiable homicide when committed to prevent a felony, said issue being clearly raised by the evidence, etc. This bill was also refused and the following given by the court in lieu thereof: "On the trial of the above numbered and entitled cause, as soon as the court had read and delivered his charge in writing to the jury, the defendant objected and excepted to said charge, because the said charge failed and omitted to instruct the jury distinctly upon all the law applicable to the case as demanded by the evidence, in this: . That the evidence raised and called for a charge upon homicide in that homicide is justifiable when committed to prevent a felony." Without the evidence before us we are unable to review this question. Had the bill presented the facts upon which the exception is based, and these facts would show that justifiable homicide to prevent a felony was in the case, the court might be able to review that question, even in the absence of the statement of facts. Where it is sought to have this court review an error in the charge, in the absence of statement of facts, the bill should state the evidence, and show upon the face of the bill that it does state all the evidence bearing upon that question. A bill thus prepared and approved by the court will present fairly the question and enable this court to review it, but without the facts before us we are unable to say whether the evidence called for this charge or not. The same may be said as to the remaining bill. The objections were urged that the court should have charged on the law applicable to communicated threats. The evidence is not before us, and the bill does not state the communicated threats, if any were introduced in evidence, and this court would not know without the evidence that that issue was raised, and could not assume in the face of the action of the court that it was raised. The same may be said of this bill as of the previous one.

The judgment is affirmed.

*Affirmed.*