HESTER HOLLAN V. THE STATE.

No. 8103. Delivered Dec. 17, 1924.

' Rehearing denied Jan. 21, 1925.

1.—Manslaughter—Indictment—Variance in Name—Idem Sonans.

The name of the deceased as alleged in the indictment was Eda May Savage. Appellant contends that the proof shows that her name was "Etta" May, and that there was a fatal variance between the indictment and the proof. One witness, a stranger, testified that her name was "Etta May" while her grandfather testified that it was "Eda May." In any event we hold that "Etta May" and "Eda May" are idem sonans, and that there was no variance.

2.—Same—Charge of the Court, Exceptions To—Not Material.

Appellant presented two exceptions to the court's charge in failing to properly charge on manslaughter. In view of the fact that appellant, was only convicted for manslaughter, no matter is presented to us for review.

3.—Same—Charge of Court—Exceptions To—Too General.

Appellant presents the objection and exception to the charge of the court, on self defense, in that same is too restrictive and does not affirmatively represent the theory of the defendant. This exception is too general, and indefinite, and falls short of the requirement of the statute that provides that the defendant shall present his objection to the charge in writing "distinctly specifying each ground of objection." See page 522 Vernon's C. C. P. notes.

Appeal from a conviction of manslaughter, penalty, five years in the penitentiary.

Appeal from the District Court of Guadalupe County. Tried below before the Honorable Lester Holt, Judge.

*Leonard Brown,* of San Antonio, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Guadalupe county of manslaughter, and her punishment fixed at five years in the penitentiary.

The trouble arose over some church differences. Deceased was cut several times, the testimony differing as to whether the cut was with a dirk knife having a blade five inches long or whether it was with a smaller knife having a blade two inches long. The dirk knife was found under a tree at the scene of the cutting where appellant stood, and blood was on the blade. The smaller knife was given to an officer by appellant when he went to her house to arrest her and demanded that she produce the knife with which the cutting was done. It was in testimony that there was blood on the blade of this knife also.

The first complaint is of a variance between the allegation and proof as to the name of deceased. Her name was spelled in the indictment

"Eda May Savage." The name of deceased was so pronounced in the presence of the court stenographer, as in taking down the first pages of the testimony he spelled it the way it appears in the indictment. An undertaker who cared for the body of deceased testified that her name was "Etta May Savage." There is not a suggestion in the record anywhere that he knew deceased or ever saw her before he was called to take charge of her body after her death. The grandfather of deceased was introduced as a State witness and testified as follows: "The name of my granddaughter was Eda May. That is what everybody called her." On cross-examination he testified: "I can't spell it. I pronounce it 'Etta May' but can't spell it." No other witness testified relative to the name of deceased. We are not inclined to agree with the contention made by appellant in this regard. No witness who knew the dead girl spelled her name Etta. It is evident from the record that her name was so pronounced as that it sounded like "Eda," the "e" being short. In the absence of some sufficient proof as to the way the name was spelled, we are confronted with the fact that the impression made on the ear of the court stenographer was such as to make him spell it as often Eda May as to spell it Etta May, and the grandfather of the girl testified positively that the girl's name was Eda and that everybody called her by that name. To hold otherwise than we have indicated would be to put the shadow above the substance. There is no suggestion that the accused or anyone engaged in the conduct of her trial was misled by the way the name was spelled in the indictment, or that a different person was in fact slain from the one named in the indictment. No better settled rule exists than that it is sufficient to describe a person by the name under which such person commonly goes.

There is but one other bill of exceptions save the one complaining of the refusal of an instruction based on the alleged variance in the name of deceased. Said other bill of exceptions presents appellant's entire exceptions taken to the charge of the court, which were as follows:

"1st. The defendant objects and excepts to the court's charge on manslaughter in that it submits adequate cause as an issue of fact, and not as a matter of law.

"2nd. The defendant objects and excepts to the court's charge on manslaughter and adequate cause in that it limits the adequate cause to a blow struck by the deceased, and the evidence shows word spoken by deceased at and before the killing which constitute adequate cause.

"3rd. The defendant objects and excepts to the court's charge on self-defense in that the same is too restrictive and does not affirmatively represent the theory of defendant."

It will be observed that the first two grounds of this exception complain of some matter relating to manslaughter as submitted in the charge, which exceptions must fall in view of the fact that appellant was only

convicted of that offense. She was on trial for murder but being found guilty, only of manslaughter, would render of no avail the exceptions in the instant case to the form of the charge submitting said offense.

The third ground of said exception is too general and indefinite. To say that the charge on self-defense is too restrictive and does not affirmatively represent the theory of the defendant, fails short of the requirement of the statute in force which provides that the defendant shall present his objections to the charge in writing "distinctly specifying each ground of objection." See subdiv. 57, p. 521, Vernon's C. C. P. Many authorities are cited on page 522 in support of the proposition that general objections to instructions which do not point out any error therein will not be considered on appeal. See particular authorities: Reed v. State, 168 S. W. Rep. 541, holding too general an objection that a charge was not a correct statement of the law in reference to a matter dealt with; Galan v. State, 150 S. W. Rep. 1171, an exception that the charge failed to instruct upon the law applicable to the case; Lucas v. State, 155 S. W. Rep. 527, holding a charge too general which excepted to the refusal to charge Art. 41 P. C. 1911 relating to intoxication as a defense; Perkins v. State, 144 S. W. Rep., 241, holding too indefinite an exception to the charge as given was multifarious, 'did not give the true law of the case, prejudicial to defendant on his trial; Chant v. State, 73 Texas Crim. Rep., 345, holding too general an exception to the charge for failing to submit the law of manslaughter properly.

It has been often said that the object of the law requiring the charge to be submitted to counsel of the respective parties for correction and exception before same is read to the jury, is in order that they may point out the errors to the trial court in such manner as that he may correct them. To only say after examination of the charge that it is too restrictive, would point out no part of the charge and would not convey to the mind of the trial court the error specifically insisted upon by the accused. We are at a loss to know how the trial judge could have been informed by an exception which merely stated that the charge failed to affirmatively present the theory of the defense, just what specific information would have been thus conveyed to the trial judge. The record reveals that following a wordy altercation appellant claims that deceased struck her in the face and that she then cut her with a knife. The court told the jury in the charge on self-defense that if appellant, acting under reasonable apprehension of danger as it appeared to her from her standpoint at the time, killed deceased, she should be acquitted. The court specifically charged as follows:

"If you find from the evidence that the defendant killed the deceased, Eda May Savage, but further believe at the time of so doing the deceased by her acts, if any, in striking defendant and catching

hold of her clothes or person, or by her acts, coupled with her words, if any, caused defendant to have a reasonable expectation or fear of death or serious bodily injury, viewing the case from the defendant's standpoint, and that, acting under such reasonable expectation or fear, the defendant killed the deceased, then you will acquit her.'

We confess that from the record before us we would be at a loss ourselves to know how the court could have more affirmatively presented appellant's theory of self-defense than is contained in the above charge.

The record contains but the two bills of exception discussed, viz: the one relating to the variance and the other relating to the exceptions to the court's charge.

The record failing to disclose any error, and the evidence supporting the judgment, an affirmance will be ordered.

LATTIMORE, JUDGE.—Appellant complains and argues at length that we erred in holding that no error was shown in regard to the question of idem sonans as applicable to the name of the injured party. We have again reviewed the matter but are unable to agree with appellant's contention.

Complaint is renewed of the court's charge on self-defense and of the fact that we held the exception taken to said charge as too general. The exception taken is as follows: "The defendant objects and excepts to the court's charge on self-defense in that same is too restrictive and does not affirmatively present the theory of the defendant." In Pollard v. State, 58 Texas Crim. Rep., 299, an exception to the charge as follows: "Because same was too restrictive, and not general and liberal enough towards the defendant on the law of self-defense, but limited the rights therein," was held to be too general an exception to call for a review. We quote from the charge of the court in the case before us presenting the theory of appellant:

"If you find from the evidence that the defendant killed the deceased, Eda May Savage, but further believe at the time of so doing the deceased by her acts, (if any) in striking defendant and catching hold of her clothes or person, or by her acts, coupled with her words, (if any) caused defendant to have a reasonable expectation or fear of death or serious bodily injury, viewing the case from the defendant's standpoint, and that, acting under such reasonable expectation or fear, the defendant killed the deceased, then you will acquit her."

As we understand the facts of this case this presented accurately appellant's defensive theory.

Being unable to agree with the contentions of appellant, the motion for rehearing will be overruled.

*Overruled.*