BEN UNDERWOOD v. THE STATE.

No. 13702.   Delivered May 6, 1931.
Rehearing Denied June 10, 1931.

The opinion states the case.

*Hamilton, Fitzgerald & Grundy,* of Memphis, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

The facts show that two officers searched appellant's house and garage with his consent, and found in said garage three half-gallon jars of whisky, buried under the dirt floor. Also in the garage there was found a pasteboard carton containing three empty jars like the buried jars which contained the whisky. All were square jars with tops alike. Appellant took the stand and gave substantially the same testimony as to the finding of the jars of whisky, as that of the officers, and admitted that the empty jars in the carton belonged to him and were put there by his wife,—but denied the ownership, possession or knowledge of the whisky-filled jars. A pint bottle with a small quantity of whisky in it was setting on a table in appellant's house. He said his child picked up this bottle on the road and brought it to the house. He also testified that he had only lived at the place somewhere from one to three weeks, at the time of the raid. No other members of appellant's family were used as witnesses. The officers testified that they had a search warrant which they offered to read to appellant before they made the search.

Bill of exception No. 1 complains of the reception of the testimony of one of said officers, the objection being that the rule had been asked, and that this witness had been excused from the rule by the court and was in the court room and heard other witnesses testify. The court qualifies the bill by saying that this witness was the active deputy sheriff waiting on his court. Dobbs v. State, 94 Texas Crim. Rep., 398.

Bill No. 2 brings up for review the court's action in allowing this same officer to have charge of the jury during this trial, he being a material witness for the state. The same qualification appears on this bill as is on bill No. 1. No effort was made to show any word or action on the part of said officer which did or might influence the jury in any way. We uphold the discretionary actions of trial courts in such matters, unless we are led to believe some injury shown.

The third and last bill of exception sets up that in his opening argument to the jury the district attorney said:

"The officers must have had some reason for thinking the defendant had whisky in his possession or they wouldn't have gone out there armed with a search warrant and searched his place."

This was objected to as being upon a matter not before the jury, and as not being a legitimate deduction from anything in the record,— and as being an effort to bolster up the state's case, and also an effort to lead the jury to think the officers in possessison of evidence against appellant, outside the record.

It is the law in this state that a search warrant to search for liquor upon the premises of any person, can not legally issue until an affidavit has been made by some credible person that in some specified way the law against the making, selling, possessing, etc. of intoxicating liquor has been or is being violated,—which law is presumptively known to every citizen

of this state. The testimony in this case showing without dispute that the officers were armed with a search warrant when they went to appellant's place on the occasion in question, carried with it as a necessary inference that the affidavit required, had been made as a predicate for the issuance of the warrant. The fact of the officers' possession of such search warrant would afford good ground for the argument, for, whether such affidavit had been made by these officers or others, it must needs have been made, and must have rested on knowledge or belief, based on some fact recital. The inference was not unreasonable. The argument would hardly be proper, but is not of such character as to call for reversal under the facts.

The court's charge was exceptionally fair. In addition to a full and correct charge on circumstantial evidence, the jury were told that if they found that the whisky was put in the garage by some person other than appellant, or without appellant's knowledge, or if they had a reasonable doubt on this point,—they should acquit; or if they had a reasonable doubt that the liquor found, if possessed by appellant, was possessed for purposes of sale,—they should acquit,—these in addition to a general application to the whole case of the doctrine of reasonable doubt. The court also told the jury not to consider for any purpose whatever any fact or circumstance not introduced in evidence on the trial of this cause.

There being no other bill of exception, and the evidence supporting the verdict, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—One ground of appellant's motion for rehearing is that the record fails to show that the oath prescribed by law had been duly administered to the special judge who tried the case. The original transcript shows the oath and signature of the judge but omitted the jurat of the officer who administered the oath. A supplemental transcript now before us shows that the oath and jurat were properly recorded in the court minutes.

Regarding the complaint of the argument of the district attorney, we observe that the fact of the officers possession of a search warrant was in evidence. Whether the affidavit therefor was made by them or by others is not shown by the bill and was not known to the jury. The fact that the search warrant had been placed in the hands of the officers was sufficient to account for their action in making the search, without any previous knowledge or information on their part. For this reason, as intimated in the original opinion, we think the argument complained of should not have been indulged. A similar argument under some state of facts might raise a more serious question, but under the facts of the present case we think it does not call for a reversal.

The motion for rehearing is overruled.

*Overruled.*