152 So.2d 555

**STATE of Louisiana**

**v.**

**Wayne TURNER.**

**No. 46338.**

April 29, 1963

———◆———

Henry A. Mentz, Jr., Hammond, Allen B. Pierson, Jr., Ponchatoula, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Duncan S. Kemp, Dist. Atty., W. M. Dawkins, Asst. Dist. Atty., Leonard E. Yokum, Asst. Dist. Atty., for plaintiff-appellee.

HAWTHORNE, Justice.

Defendant Wayne Turner, charged with murder, was convicted and sentenced to death. He has appealed, relying for re-

versal on a bill of exception taken to the overruling of his motion for a mistrial.[1]

The bill of exception, signed by the trial judge, discloses that the motion for a mistrial was made under the following circumstances: The State called as witnesses the chief criminal deputy sheriff and another deputy sheriff. One of these witnesses testified as to the free and voluntary nature of the defendant's confession and to certain circumstances surrounding the giving of that confession. The other testified that he was the first officer at the scene of the homicide, gave testimony as to the chain of evidence, pointed out the location of certain articles of incriminating evidence which were introduced by the State, and testified to certain admissions made by the defendant which were admitted in evidence.[2] Counsel for the defendant objected to the testimony of each of these officers and moved for a mistrial on the ground that since these deputies had custody and charge of the jury, they had been in and out of the jury room and mingled with the jury during the three days the trial had been in progress; that the jury had been taken by these deputies in cars to a restaurant some two miles from the courthouse for every meal, and that on one occasion one of the jurors was separated from the others so that he rode the two miles back in the car with the two deputies whose testimony was objected to.

Both of these deputies testified on the hearing of the motion for a mistrial, and upon being questioned by the court they testified, as disclosed by the trial judge's per curiam, "that they had never discussed anything having any bearing on the case with any member of the jury; that they had never discussed the case with each other or other deputies in the presence of the jury; and that they had never heard any aspect of the case discussed by any member of the jury". The trial judge concluded that the accused was not prejudiced.

Appellant makes no contention that any of the jurors in this case were at any time not under the charge of an officer, or that they were not separated from the public. As we understand his contention, it is that two of the deputy sheriffs who had charge of the jury during the trial were also leading witnesses for the State, and that this ipso facto prejudiced the accused and violated R.S. 15:394 which requires that "the jurors shall be kept together under the charge of an officer in such a way as to be secluded from all outside communication"; in other words, that contact with these deputies who were also witnesses

1. A motion for a new trial based on substantially the same grounds as those of the motion for a mistrial was also overruled.

2. No contention is made by the accused that the confession and the admissions were not freely and voluntarily made.

prevented the jury from being "secluded from all outside communication" within the meaning of the statute.[3] Appellant has not established, or even attempted to establish, any misconduct of any juror or of either deputy sheriff, or any effort to influence the jury or any other act that would be prejudicial.

▇ The rule in this state is that an officer who testifies for the prosecution is not, because of this fact alone, disqualified to have charge of the jury, and that in such cases the burden is upon the defendant to show improper conduct, efforts to influence the jury, or any other fact which would prejudice his right to a fair trial. In State v. Oteri, 128 La. 939, 55 So. 582, a capital case decided in 1911, the jury was permitted to attend a theatrical performance and was left in the charge of a deputy who testified for the prosecution. In affirming the conviction this court said:

"It has been held in a number of cases that:

" 'The fact that an officer is sworn and testified as a witness does not disqualify him from acting as bailiff in charge of the jury during their deliberations.' 12 Cyc. 670.

"As a matter of law, [the officer] was not disqualified to act as bailiff because he happened to be a witness for the prosecution. * * *

"The evidence shows that the jury did not separate for a moment and had no communication with any one outside of their body. Therefore the accused was not prejudiced by the incident under discussion. We, however, must express our disapproval of the permission given the jury to attend the show, thereby subjecting them to the danger of outside influence. We may add that our ruling would have been different if any prejudice whatever had been shown by the evidence." See also State v. McAllister, La., 150 So.2d 557.

Wharton states the rule thus:

"The fact that the sheriff or his deputy was a witness in the case does not disqualify such person from acting as bailiff in charge of the jury during its deliberation. * * *" 5 Wharton's Criminal Law and Procedure (Anderson's ed. 1957), sec. 2109, footnote 2, p. 290. To the same

3. R.S. 15:394 provides: "From the moment of the acceptance of any juror until the rendition of verdict or the entry of a mistrial, as the case may be, the jurors shall be kept together under the charge of an officer in such a way as to be secluded from all outside communication * * *." As said by this court in State v. Davis, 237 La.

577, 111 So.2d 778, "The purpose of this section [R.S. 15:394] is to keep the jurors from any outside influence. The separation contemplated is separation from the public or outside contact. State v. Migues, 191 La. 55, 184 So. 540; State v. Sharbino, 194 La. 709, 194 So. 756, State v. Fuller, 218 La. 872, 51 So.2d 305."

effect, see also 53 Am.Jur., Trial, sec. 858, p. 625; 23A C.J.S. Criminal Law § 1352, p. 946; Ann.Cas.1912C, p. 882; Ann.Cas. 1917B, p. 254.

Cases from other jurisdictions have also recognized the same rule: Galan v. State, 68 Tex.Cr.R. 200, 150 S.W. 1171 (1912); Holmes v. State, 70 Tex.Cr.R. 214, 156 S. W. 1172 (1913); Newby v. State, 17 Okl. Cr. 291, 188 P. 124 (1920); Underwood v. State, 118 Tex.Cr.R. 348, 39 S.W.2d 45 (1931); Hendrix v. State, 200 Ark. 973, 141 S.W.2d 852 (1940); State v. Hart, 226 N.C. 200, 37 S.E.2d 487 (1946); Odell v. Hudspeth, 189 F.2d 300 (C.C.A. 10th; cert. den. 342 U.S. 873, 72 S.Ct. 116, 96 L.Ed. 656).[4]

The last cited case, decided in 1951, was one from a state district court in Kansas where the defendant had been convicted of first degree murder and sentenced to life imprisonment. No appeal was taken, and the judgment and sentence became final. Thereafter by habeas corpus the defendant applied to the federal district court contending that his conviction had been obtained in violation of the due process clause of the Fourteenth Amendment. Having no success in that court he appealed to the 10th Circuit Court of Appeals. That court said of a contention relevant here:

" * * * The contention that the sheriff, a witness for the prosecution, acting as bailiff and custodian of the jury during the trial would void the judgment, is also without merit. There is no evidence that the sheriff did anything irregular in performing this function. The evidence was to the contrary. * * *"

As we have pointed out, under the jurisprudence of this court unless there is a showing of prejudice, a conviction will not be set aside simply because officers who are witnesses in the case have the jury under their charge. This court is inclined to look upon the practice with disapproval, however, because in such cases there may be prejudice of a kind exceedingly difficult to establish. The practice should be especially condemned where, for instance, the testimony of the officer and that of the accused are in direct conflict and the jury is called upon to weigh the credibility of each, or where the officer is the principal prosecuting witness.

For the reasons assigned the conviction and sentence are affirmed.

---

4. The cases of Tarkington v. State, 72 Miss. 731, 17 So. 768, and United States v. Marine, D.C., 84 F.Supp. 785, relied upon by defendant are not in point. In the Tarkington case the officer-witnesses were with the jury while they were *de-* *liberating* their verdict. In United States v. Marine a juror and a prosecuting witness had lunch together and several conversations on the days of the trial; it does not involve officers in custody of a jury.