Pearson, C. J.
 

 Trover “is an action
 
 ex
 
 delicto,” and the gist of the action is a wrongful conversion. We concur with his Honor, that the facts do not make out a cause of action. The defendant had probable cause of action, and did believe that the mule was his property. The plaintiff, being also satisfied of that fact, put the mule in possession of the defendant. Up to that time there was nothing wrong,
 
 no tort.
 
 There was nothing in the. defendant’s putting the animal to work, for it could hardly be expected that he was
 
 *337
 
 to keep him in his stable doing nothing. And when the plaintiff changed his opinion, and gave notice of it to the defendant, the latter did nothing wrong; on the contrary, he averred a willingness to do what was right, and there is no ground on which to question his sincerity; and, thereupon, it was agreed that the defendant should retain the possession until the Saturday following, on which day the parties were to meet, and endeavor to arrange the matter of controversy. After this agreement, it was well put by Mr. Young, on the argument, that the plaintiff was not at liberty to terminate the bailment, before the day fixed on, by a demand; but without deciding that point, we are entirely clear in the opinion, that the plaintiff could not, without a demand, commence an action treating the defendant as a wrongdoer, and thereby subject him to the costs of a lawsuit, before the day which had been agreed on, and up to which day the plaintiff had consented that the defendant should retain the possession. If the defendant had sold the mule, or attempted in breach of the bailment, to run it out of the State, the case would have assumed a different aspect, and put the defendant in the wrong. But there was nothing of this kind to terminate the bailment, and the plaintiff was wrong for bringing the action in violation of his agreement. The case seems to be so plain as not to call for an examination of the authorities. Indeed, there is no question about the principle on which the action is based, and the only difficulty which ever occurs is as to the application of the principle; but, in this case, the application as well as the principle, is free of difficulty.
 

 There is no error.
 

 Per Curiam. Judgment affirmed.