There was evidence offered on the part of the State, that Gaston Scott, who was also charged in the bill of indictment, and the defendant Harbison, were seen to come from behind the house where they both lived, the defendant Harbison running, with a pistol in his hand, and the defendant Scott pursuing him and firing at him. No (886) other evidence as to how the difficulty began, was offered by the State.
The defendant Scott testified in his own behalf, that he was first assaulted by the defendant Harbison, with a pistol.
The defendant Harbison testified in his own behalf, that he did not assault the defendant Scott in any manner. The defendant Harbison then called Hennie Scott, and offered her as a witness in his behalf. The defendant Scott objected to the competency of the witness to testify against him, and it being made to appear to the Court, that the offered witness, Hennie Scott, was the wife of the defendant Gaston Scott, he insisted that she, being his wife, was not competent to testify against him.
Harbison, on the other hand, insisted that she was competent to testify for him, and he expected to prove by her the whole transaction, and especially that he did not assault the defendant Scott.
The Court, being of opinion that the witness Hennie was not competent to testify against her husband, refused to allow her to testify, and the defendant excepted.
There was a verdict of guilty against both defendants; a motion for a new trial; motion overruled, and judgment against both defendants, from which Harbison alone appealed.
The sole question presented for our consideration is, was the wife of the defendant Scott a competent witness in this case?
The indictment charged that the defendants committed an affray, and mutually assaulted and beat each other.
Although the indictment charges an affray, it at the same time charges mutual assaults and batteries, and although the indictment might not be good for the affray, because, for instance, the fight did not take place in a public place, etc., the defendants still may be convicted of the assault and battery upon each other, or one may be (887) convicted, and the other acquitted. State v. Wilson, 61 N.C. 337.
Each of the defendants introduced himself as a witness in his own behalf. Scott testified that Harbison first made an assault upon *Page 739 
him with a pistol, and Harbison swore that he did not assault Scott in any manner, and proposed to examine Hennie, the wife of Scott, to prove by her the whole transaction, and especially that he did not assault the defendant Scott.
By Sec. 1353 of The Code, the wife is made a competent witness for her husband, when charged with a criminal offence, and by Sec. 1354, it was provided, that the wife shall not be competent or compellable to give evidence against her husband.
The defendant proposed to prove by her, the whole transaction, and especially that he did not commit an assault upon her husband, Scott. She could not testify to the whole transaction, without giving testimony against her husband, for he was seen running after the defendant Harbison, firing at him as he ran. This would make him guilty, no matter if the assault was first made upon him by Harbison, and then, if she were to testify that Harbison did not commit the first assault upon her husband, it would necessarily prove that her husband committed the first assault, for unquestionably, there was an assault committed by one or the other, and if not by Harbison, it must follow, as a self evident truth, that it was committed by her husband. So, whichever way it may be taken, her testimony would have been against her husband, and was therefore incompetent. It could make no difference, whether the testimony of the wife tended directly or indirectly to convict the husband, it was equally incompetent.
We are of the opinion that she was an incompetent witness, and the judgment of the Superior Court is therefore affirmed. This opinion must therefore be certified to the Superior Court of Burke County, that further proceedings may be had there according to law.
No error. Affirmed.
Cited: S. v. Adams, 193 N.C. 582; S. v. Brigman, 201 N.C. 794; S. v.Kluttz, 206 N.C. 728; S. v. Cotton, 218 N.C. 579.