### STATE v. ANDREW MOSTELLA.

#### (Filed 10 April, 1912.)

1. **Spirituous Liquor—Possession—Evidence—Prima Facie Case— Rebuttal—Questions for Jury.**

   Chapter 21, Laws of 1908, making it unlawful for persons other than licensed druggists to keep on hand spirituous, etc., liquors, in Richmond County, also provides that, with the exception of druggists, the possession of more than a quart thereof is *prima facie* evidence of guilt.  Evidence is sufficient for conviction, under this statute, which tends to show that four half-pint bottles of whiskey were found concealed in the defendant's

poolroom, and that 58 ounces thereof were found under his pool table in a bucket; and it was competent to show by a witness that he had found this whiskey in the bucket, which he poured into a bottle and produced at the trial, in rebuttal of defendant's evidence that the contents of the bucket was not whiskey.

2. Spirituous Liquor — Possession — Prima Facie Case — Unlawful Sales—Time Not of the Essence—Instructions—"Reasonable Doubt."

Upon the trial for an unlawful sale of whiskey in Richmond county under a special legislative enactment, making the possession of more than a quart *prima facie* evidence of guilt, the time of the possession is not of the essence, and the date laid in the bill is ordinarily not considered as restrictive or controlling on the question of proof; and the charge of the court is not held for reversible error in this case in that respect, or on the question as to reasonable doubt.

APPEAL from *Whedbee, J.,* at January Term, 1912, of RICHMOND.

Indictment for keeping liquor on hand for sale contrary to law.

There was verdict of guilty. Judgment, and defendant excepted and appealed.

*Attorney-General T. W. Bickett and Assistant Attorney-General T. H. Calvert for the State.*

*John P. Cameron and Lorenzo Medlin for defendant.*

HOKE, J. The statute applicable, chapter 21, Laws of Extra Session 1908, makes it unlawful for persons other than duly licensed druggists to have or keep for sale, barter, or exchange spirituous, vinous, malt, or other intoxicating liquors in the county of Richmond. By section 2, the having on hand more than one quart of the liquors in question by persons other than duly licensed druggists is made *prima facie* evidence of guilt.

There was ample evidence to sustain the verdict, and we find no reversible error which entitles defendant to a new trial of the issue.

There was evidence on the part of the State tending to show that defendant was proprietor of a poolroom, and among other things found on defendant's premises tending to establish the

charge, including four half-pint bottles of whiskey in a bed under the cover, castor shucks used to cover bottles, empty bottles, etc., the officer, a short time prior to indictment found a bucket containing 58 ounces of corn whiskey under the poolroom table. This the officer poured out into a large bottle, and it was produced at the trial, defendant contending there was error because it had been poured out of the bucket and on that account was no longer admissible as evidence. The officer gave the very natural explanation that he did this because he was afraid it might be overturned. The article was produced because of a claim made by defendant that the contents of the bucket was not whiskey. The objection urged goes to the force of the circumstance, but in no way affects the relevancy. Defendant objected further to a portion of his Honor's charge, as follows: "The law presumes the defendant is innocent, and requires the State to satisfy you beyond a reasonable doubt that he had intoxicating bitters in his possession for the purpose of sale within the county of Richmond within two years from the date of this bill of indictment. It does not make any difference what whiskey, whether this particular whiskey or any whiskey, if this evidence satisfies you beyond a reasonable doubt that he kept whiskey in his possession for the purpose of sale in violation of this act, it would be your duty to return a verdict of guilty," the objection being that the inquiry should have been confined to the precise time laid in the bill. But it is well understood that when time is not of the essence, the date laid in the bill is ordinarily not considered as restrictive or controlling on the question of proof. *S. v. Williams.* 117 N. C., 753. We find nothing in the charge as to reasonable doubt that is calculated to affect defendant's rights adversely or that was likely in any way to have misled the jury. *S. v. Whitson,* 111 N. C., 695.

There is no error, and the judgment below will be affirmed.

No error.