## STATE v. ARTHUR BRIGMAN.

### (Filed 16 December, 1931.)

**1. Criminal Law G q—In prosecution of husband for abandonment of minor children wife is not competent to testify against him.**

The wife is not competent to testify against her husband in a criminal action, C. S., 1802, unless the action comes within the exceptions enumerated in the statute, and upon the trial of the husband for wilfully abandoning and failing to support his minor children, the admission of the wife's testimony against him is reversible error. C. S., 4447.

**2. Criminal Law E d—Solicitor's statement before trial that State would not prosecute one count is equal to nolle prosequi thereon.**

Upon the trial of the husband for the abandonment and nonsupport of his wife and minor children, the announcement by the solicitor, made before entering upon the trial, that he would not prosecute the defendant for the abandonment and nonsupport of the wife is tantamount to a *nolle prosequi* or acquittal on this charge.

APPEAL by defendant from *Stack, J.,* at July Term, 1931, of BUN-COMBE.

Criminal prosecution tried upon an indictment charging the defendant with abandonment and nonsupport of his wife and two minor children in violation of the provisions of C. S., 4447.

When the case was called for trial, the solicitor announced that the State would not prosecute the defendant for the alleged wilful abandonment and nonsupport of his wife, but would proceed against him on the charge of wilfully abandoning his two minor children and failing to provide for their support. *S. v. Bell,* 184 N. C., 701, 115 S. E., 190.

The wife of the defendant was called as a State's witness and testified as follows: "Q. What support, if any, has Arthur Brigman given to you and the children during the last two years? (Objection; overruled; exception.) A. He has not given us anything at all."

Verdict: Guilty.

Judgment: Two years on the roads.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*O. K. Bennett for defendant.*

STACY, C. J. Is a wife competent or compellable to give evidence against her husband who is on trial charged with the wilful abandonment and nonsupport of his minor children? C. S., 4447. We think not.

It is provided by C. S., 1802 that, in all criminal actions or proceedings, the husband or wife of the defendant shall be a competent witness for the defendant, but the failure of such witness to be examined shall not be used to the prejudice of the defense, and further: "Nothing herein shall render any husband or wife competent or compellable to give evidence against each other in any criminal action or proceeding, except to prove the fact of marriage in case of bigamy, and except that in all criminal prosecutions of a husband for an assault and battery upon his wife, or for abandoning his wife, or for neglecting to provide for her support, it shall be lawful to examine the wife in behalf of the State against the husband." The statute declares the incompetency of the wife to give evidence against her husband in any criminal action or proceeding, except in certain cases, but the exception does not include or extend to an action against the husband for the abandonment and nonsupport of his minor children. It was error, therefore, not to sustain the defendant's objection of his wife's testimony. *S. v. Harbison,* 94 N. C., 885.

The announcement of the solicitor, made before entering upon the trial, that the State would not prosecute the defendant for the alleged wilful abandonment and nonsupport of his wife, was tantamount to taking a *nolle prosequi,* or accepting an acquittal, on this charge. *S. v. Spain, ante,* 571; *S. v. Hunt,* 128 N. C., 584, 38 S. E., 473.

New trial.