STATE v. LOWELL WALL.

(Filed 10 January, 1934.)

1. **Criminal Law E d—**

    The announcement of the solicitor, made before entering upon the trial, that the State would not ask for a verdict of more than murder in the second degree, is tantamount to taking a *nolle prosequi* on the charge of first degree murder.

2. **Criminal Law L e—Evidence held not prejudicial in view of withdrawal of charge of first degree murder and proof of killing with deadly weapon.**

    Where the evidence shows that defendant killed deceased with a deadly weapon, and the State has taken a *nolle prosequi* on the charge of first degree murder, the admission of testimony tending to show premeditation or malice on the part of ·defendant cannot be held for reversible error, since the element of premeditation had been withdrawn from the consideration of the jury, and malice and unlawfulness of the homicide were presumed from the intentional killing with a deadly weapon.

**3. Homicide G d—**

> The introduction in evidence of deceased's bloody clothes in a prosecu-
> tion for homicide cannot be regarded as harmful or erroneous, they being
> competent proof of a fact in question and being merely stronger proof
> than oral evidence.

APPEAL by defendant from *Sink, J.,* at May Term, 1933, of ROCK-
INGHAM.

Criminal prosecution tried upon indictment charging the defendant
with the murder of one Sandy Sisk.

Lowell Wall shot and killed Sandy Sisk on Easter Monday, 1933,
about 3:00 a.m., while the two were engaged in a duel with pistols at the
home of Mrs. Nat Martin, mother-in-law of the deceased. The position
of the defendant is that he did not bring on the fight and that he used
no more force than was necessary to repel the attack in his own proper
self-defense.

Over objection of defendant, Shackie Belton, a witness for the State,
was allowed to testify that about a month before the shooting, the de-
fendant told him that on one occasion he could have killed Sisk if he
wanted to and claimed he did it in self-defense, that he came mighty
near doing it, that Sandy was jealous of him and his wife.

The deceased's bloody clothes were also exhibited to the jury over
objection of defendant.

Verdict: Guilty of murder in the second degree.

Judgment: Imprisonment in the State's prison, at hard labor, for a
term of not less than fifteen nor more than twenty years.

The defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell
and Bruton for the State.*
*Sharp & Sharp and Joe W. Garrett for defendant.*

STACY, C. J. The announcement of the solicitor, made before enter-
ing upon the trial, that the State would not ask for a verdict of more
than murder in the second degree, was tantamount to taking a *nolle
prosequi* on the capital charge. *S. v. Gregory,* 203 N. C., 528, 166 S. E.,
387; *S. v. Brigman,* 201 N. C., 793, 161 S. E., 727; *S. v. Spain, ibid.,*
571, 160 S. E., 825; *S. v. Hunt,* 128 N. C., 584, 38 S. E., 473.

In this state of the record, the testimony of the witness, Shackie
Belton, even if regarded as indefinite or too remote in point of time,
could not be held for reversible error, though admitted over objection
of defendant, for the element of premeditation and deliberation, neces-
sary to be shown on the capital charge, had been removed from the case

by the action of the solicitor, and both the unlawfulness of the homicide and malice on the part of the defendant were presumed from the intentional killing of the deceased with a deadly weapon. *S. v. Bailey, ante,* 255.

Nor can the introduction in evidence, and exhibition to the jury, of deceased's bloody clothes be regarded as harmful or erroneous. It is not a valid ground of objection to evidence that it tends to prove the fact in question more conclusively when the article to which it refers is exhibited, instead of being left to the description of witnesses. Such objection fails to take into account the difference between the strength of evidence and its competency. *S. v. Westmoreland,* 181 N. C., 590, 107 S. E., 438; *S. v. Vann,* 162 N. C., 534, 77 S. E., 295.

The remaining exceptions discussed on brief present no new question of law or one not heretofore settled by a number of decisions. In no view of the case could the demurrer to the evidence have been sustained; and the charge is free from valid objection. The verdict and judgment will be upheld.

No error.