## STATE v. THADDEUS HILL.

### (Filed 21 March, 1945.)

**1. Criminal Law §§ 42, 48c: Evidence § 42b—**

In the trial of defendant on an indictment for assault with a deadly weapon, inflicting serious injury not resulting in death, with intent to kill, the admission of evidence that the prosecutrix, who was present and testified at the trial, said just after she was shot by defendant, "I am going to die," is harmless and it is immaterial whether or not her statement was hearsay or part of the *res gestæ,* there being no controversy about her serious condition or the fact that she was shot by defendant.

**2. Criminal Law § 52b—**

A motion for judgment as of nonsuit, in a criminal case under G. S., 15-173, must be made at the close of the State's evidence and, if denied, renewed at the close of all the evidence, otherwise the benefit of the exception to the court's refusal to grant the motion is lost.

**3. Appeal and Error § 29—**

Exceptions, not brought forward in the brief and argued as required by the Rules of this Court, are treated as abandoned. Rule 28.

STATE v. HILL.

**4. Jury § 1—**

The competency of jurors is a question to be passed upon by the trial judge.

**5. Same—**

Upon a motion to set aside a verdict in a criminal case, on account of the presence of two newspaper reporters in the jury room during the jury's deliberation, where the court, after a full investigation, found that the reporters went into the jury room by mistake but said nothing to any member of the jury and that no member of the jury spoke to the reporters and that the deliberation and verdict of the jury were in no way influenced by the presence of the reporters, there is no error in the court's denial of the motion.

APPEAL by defendant from *Bone, J.,* at November Term, 1944, of WAYNE.

Criminal prosecution tried upon indictment charging the defendant with an assault upon one Anna Bell Massengill with a deadly weapon, to wit, a pistol, inflicting serious injury, not resulting in death, with the intent to kill and murder the said Anna Bell Massengill.

The defendant is a married man and has a wife and two children living in Fremont, N. C. In 1941 he obtained a job in Goldsboro. After that time he kept a room in Goldsboro, going back and forth to his home in Fremont, from time to time. The prosecuting witness is a widow. She and the defendant had been associating with each other for several years. They made many trips together, he often called on her at her home or apartment and she often visited him in his room, and frequently spent the night with him. On 19 September, 1944, about 7:30 o'clock p.m., they met at a local drug store and the prosecuting witness testified the defendant was mad and threatened her life, that he insisted she go with him to his room in a local hotel. There, according to the evidence, both took several drinks of liquor, and around 12:00 o'clock midnight, when the prosecuting witness started to leave, the defendant shot her with a pistol through the abdomen and through the neck. The defendant denies any knowledge of the shooting, claiming that his mind went blank and that he was too drunk to have any knowledge of what he was doing.

Verdict: "Guilty of assault with deadly weapon, with intent to kill, inflicting serious bodily injury, not resulting in death." Judgment: Imprisonment in the State's Prison for a term of not less than seven nor more than ten years.

Defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*N. W. Outlaw for defendant.*

DENNY, J.   The first assignment of error is based upon an exception to the admission of the testimony of Dave Shipp, a police officer of the city of Goldsboro.   This officer testified that when he arrived at the hotel he found Mrs. Massengill, Thaddeus Hill and Officer Gurley. "They were taking Mrs. Massengill up to take her to the hospital. When I got there I thought Mr. Hill was shot and I rushed to him and heard Mrs. Massengill say, 'I am going to die.'"   The defendant contends the statement of Mrs. Massengill was incompetent as evidence against him and that its admission was prejudicial error.   We do not so hold.   It is immaterial whether or not the statement made by Mrs. Massengill was a part of the *res gestæ*.   She was in a serious condition at the time, but she did not die and was present and testified at the trial below, and so did the defendant.   There is no controversy as to the extent of her injuries or doubt as to how or by whom they were inflicted. The defendant told Mr. Gurley, one of the investigating officers, that he shot Mrs. Massengill.   We consider the evidence harmless, even if conceded to be hearsay, as contended by the defendant.   The exception cannot be sustained.   *S. v. Smith,* 221 N. C., 278, 20 S. E. (2d), 313; *S. v. Wells,* 221 N. C., 144, 19 S. E. (2d), 243; *S. v. Wray,* 217 N. C., 167, 7 S. E. (2d), 468; *S. v. Beal,* 199 N. C., 278, 154 S. E., 604.

The defendant, pursuant to G. S., 15-173, moved for judgment as of nonsuit at the close of all the evidence, the motion was denied and this forms the basis of the fourth assignment of error.   This statute serves the same purpose in a criminal prosecution, as does G. S., 1-183, in a civil action.   The time when the motion for judgment as of nonsuit should be made, and if denied renewed, is the same under both statutes. The exception here cannot be sustained for two reasons : First, no motion to dismiss under the statute was made at the close of the State's evidence, but made for the first time at the close of all the evidence.   *Avent v. Millard, ante,* 40; *S. v. Ormond,* 211 N. C., 437, 191 S. E., 22; *S. v. Norris,* 206 N. C., 191, 173 S. E., 14; *S. v. Sigmon,* 190 N. C., 687, 130 S. E., 854.   Secondly, the exception is not brought forward in the brief and argued, as required by the Rules of this Court, and is, therefore, treated as abandoned.   Rule 28, Rules of Practice in the Supreme Court, 221 N. C., 562.

The 19th assignment of error is based upon the refusal of his Honor to set aside the verdict on the ground that two reporters of the *News Argus* were in the jury room several minutes while the jury was deliberating on this case.   When the motion was made to set aside the verdict

on the above ground, his Honor conducted a thorough investigation, and called as witnesses the two reporters and each member of the jury. The reporters testified they did not know the jury was deliberating, but thought "the jury was just coming back in." The reporters were discussing their notes and heard nothing that was said by any member of the jury. They were just inside the door of the jury room and the members of the jury were over near the window. Each member of the jury testified he saw the young ladies enter the jury room, but did not hear anything they said and that no member of the jury spoke to them. At the close of the investigation, the court said: "I don't want to embarrass you ladies any more than the situation creates embarrassment. It is very unfortunate that you were thoughtless enough to go in the jury room and it is causing us to have to stop and make this investigation and threatens a mistrial of the case; but after making this thorough investigation I am satisfied no harm was done and I am satisfied that neither of you ladies intended to do any harm or affect the verdict; I am absolutely satisfied about that but I hope it will make you and others a little more careful next time when entering the courtroom not to go through the jury room." Whereupon the court found as a fact: "That during the deliberation of the jury Mary Elizabeth Hart and Mary Medley, through mistake, went into the jury room but that they did not say anything to any member of the jury about this case or about any other matter and that no member of the jury said anything to either of them. That neither the deliberation of the jury nor the jury's verdict were in any manner influenced by their entrance into the jury room." Thereupon the court denied the defendant's motion to set aside the verdict and for a new trial.

The competency of jurors is a question to be passed upon by the trial judge, and the ruling herein on the evidence and facts found therefrom is not reviewable. The exception cannot be sustained. *S. v. DeGraffenreid,* 224 N. C., 517, 31 S. E. (2d), 523, and the cases there cited.

The remaining assignments of error are without merit or must be treated as abandoned, for failure to bring them forward in the brief, as required by the Rule cited herein. Nevertheless, a careful review of all the exceptions set forth in the record leads to the conclusion that in the trial below, there was

No error.