## STATE v. THOMAS B. HART.

(Filed 20 March, 1946.)

**1. Criminal Law § 79—**

> Exceptions not set out in appellant's brief and in support of which no reason or argument is stated or authority cited are deemed abandoned. Rule 28.

**2. Homicide § 4c—**

> No rule as to the length of time necessary for the mental processes of premeditation and deliberation can be laid down, it being sufficient if a fixed design to kill is formed and thereafter such intent is executed, however soon or late.

**3. Homicide § 25—**

> Testimony of a witness that defendant got a shell, showed it to the witness and stated "this is Miss Margie's (the deceased) dose," and later stated that he had shot deceased through the head, and testimony of another witness that defendant stated that he was going to kill "everyone there" *is held* sufficient to be submitted to the jury on the question of premeditation and deliberation.

**4. Criminal Law §§ 57, 81c—**

In order for defendant to be entitled to a new trial as a matter of right for the reason that an officer acting as custodian of the jury was a witness for the State, defendant must show actual prejudice, and in the instant case the findings of the trial court disclose a full investigation without a finding of prejudice, and therefore its refusal to grant defendant's motion for a new trial is not held for error.

**5. Criminal Law § 81a—**

The findings of the trial court upon defendant's motion for a new trial on the ground that an officer acting as custodian of the jury was also a witness for the State, are conclusive on appeal.

APPEAL by defendant from *Burgwyn, Special Judge,* at October Term, 1945, of HALIFAX.

The defendant was indicted under two bills of indictment, one charging him with the murder of Marjorie Blackwood and the other with the murder of Al Preston Blackwood. Without objection, the two indictments were consolidated for the purpose of trial. The defendant was convicted of murder in the first degree upon the bill of indictment charging him with the murder of Marjorie Blackwood, and convicted of murder in the second degree upon the bill of indictment charging him with the murder of Al Preston Blackwood. Upon the conviction of first degree murder of Marjorie Blackwood the court entered judgment of death, and the defendant appealed, assigning errors. No appeal was taken by defendant from the conviction of him of second degree murder of Al Preston Blackwood.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*E. L. Travis and W. Bernard Allsbrook for defendant, appellant.*

SCHENCK, J. There are many exceptions noted in the record which are not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited. These exceptions are taken as abandoned, Rule 28, Rules of Practice in the Supreme Court, 221 N. C., 562. In fact, only two exceptions are set out in the appellant's brief, and therefore only these two exceptions will be referred to in the opinion of the Court. They are Exception No. 5, which relates to the court's refusal to grant defendant's motion for judgment as in case of nonsuit as to the charge of murder in the first degree; and Exception No. 7, which relates to the court's refusal to grant defendant's motion to set aside the verdict and order a new trial upon the ground that it was improper, unfair and prejudicial due to a witness for the State serving as officer of the jury.

Under Exception No. 5, the appellant says in his brief: "The defendant, at the close of the State's evidence, made motion of nonsuit as to murder in the first degree, the motion was overruled and defendant elected not to offer any evidence." The defendant challenges the sufficiency of the evidence to take the case to the jury as to the charge of murder in the first degree, because all of the evidence tends to show that he and the deceased got into an argument and he (defendant) killed her (deceased) within a space of fifteen or twenty minutes; that the evidence shows there was no premeditation and deliberation, and that the killing was under the influence of passion suddenly aroused, and the intent to kill, if any, was formed simultaneously with the act of killing.

As tending to show that defendant was not acting solely under the influence of passion suddenly aroused, the State's witness, Christine Blackwood, testified: "He (defendant) got one shell and said 'This is Miss Margie's dose' when he showed me the shot," and later the same witness testified the defendant said "Yes, I shot Margie through the head." The witness George Ed Blackwood testified: "Thomas Hart was in there with me and said he was going to kill every one there." This testimony, together with other evidence in the record tending to show that the defendant obtained the gun and shells and had them in his possession before shooting the deceased, was, in our opinion, sufficient to overcome the defendant's motion to nonsuit the charge of premeditation and deliberation.

". . . the law does not lay down any rule as to the time that must elapse between the moment when a person premeditates or reaches a determination in his own mind to kill, and the moment when he does the killing, as a test. It is not a question of time. If the determination is formed deliberately and upon due reflection it makes no difference how soon afterwards the fatal resolve is carried into execution. So, where one forms a purpose to take the life of another and weighs this purpose in his mind long enough to form a fixed design or determination to kill at a subsequent time, no matter how soon or how late, and pursuant thereto kills, this would be a killing with premeditation and deliberation and would be murder in the first degree." *S. v. Wise,* 225 N. C., 746 (748), 36 S. E. (2d), 230. Applying the law as here enunciated, we are of the opinion that there was at least some evidence, enough to be submitted to the jury, upon the question of premeditation and deliberation, and this is the only question presented to us on the motion to nonsuit. Whether such evidence was sufficient to convince the jury beyond a reasonable doubt as to the existence of premeditation and deliberation was for the jury. Hence this exception, No. 5, is not tenable.

Under Exception No. 7, the appellant says in his brief: "The defendant contends that the Court erred in refusing and overruling the defend-

ant's motion to set aside the verdict and order a new trial upon the grounds that it was improper, unfair, and prejudicial error for a witness for the State, who was sworn and testified as such, to be sworn and serve as officer of the jury trying the case. J. A. Draper, a Deputy Sheriff of Halifax County, was sworn and served as officer of the jury trying the defendant's case, and the said J. A. Draper was also a witness for the State, and was sworn and testified as such, against the defendant. While it is admitted that the Court was inadvertent, at the time of tendering and swearing the witness, that he was the officer of the jury trying the case, and that the same was overlooked by counsel for the State and for the defendant, it is strongly argued that the same was improper and unfair to the defendant, and constituted prejudicial error."

This assignment of error poses the question: Does the fact that an officer, who was sworn and served as the "officer of the jury," was a witness for the State in the trial of the case, although no objection was made thereto at the time he was so sworn and tendered as a witness, entitle the defendant, as a matter of right, to have a verdict adverse to him set aside and a new trial awarded him? Similar questions have arisen in other jurisdictions, but so far as we can ascertain have never been presented to this Court. The decisions by the various courts have not been in accord, but we are now of the opinion that the weight of authority is to the effect that an officer is not necessarily disqualified from acting as custodian of a jury in a criminal case because he happens to be a witness in the case. It is our opinion, and we so hold, that actual prejudice must be shown before the result of the trial can be, as a matter of right, disturbed.

In North Carolina, in instances when the contention was made by the defendant that the jury has been improperly influenced, it has been held that it must be shown that the jury was actually prejudiced against the defendant, to avail the defendant relief from the verdict, and the findings of the trial judge upon the evidence and facts are conclusive and not reviewable. *S. v. Hill,* 225 N. C., 74, 33 S. E. (2d), 470; *S. v. DeGraffenreid,* 224 N. C., 517, 31 S. E. (2d), 523.

The question of the qualification of the officer of the jury, one J. A. Draper, a witness for the State, was brought to the attention of the court for the first time when defendant's motion to set the verdict aside and for a new trial was lodged, and the court immediately instituted an investigation into the status and actions of J. A. Draper, and found that (1) J. A. Draper was last witness for the State, (2) that the name of Draper did not appear on the bill of indictment, nor was he subpoenaed as a witness, (3) that his testimony was largely cumulative and in no wise prejudicial to the defendant except as it was cumulative of other testimony theretofore offered to the State in corroboration, (4) that the

court was inadvertent at the moment of the tendering and swearing J. A. Draper a witness that he was an officer over the jury, and the matter was entirely overruled (overlooked) by both counsel for the State and for the defendant, (5) that the court had the court stenographer furnish him with a copy of the testimony of J. A. Draper, and (6) that evidence of J. A. Draper was taken as the last witness for the State.

It would appear from the foregoing that there is no finding by the trial judge of any action of Draper prejudicial to the defendant in the trial. When it appears only that there was opportunity whereby to influence a jury, but not that the jury was influenced, mere "opportunity and chance for it, . . . a new trial is in the discretion of the presiding judge." *S. v. Brittain*, 89 N. C., 481 (505); *S. v. Tilghman*, 33 N. C., 513.

Since no prejudice to the defendant has been shown, and since the findings of the trial judge are conclusive, we are of the opinion, and so hold, that the assignment of error No. 7 is untenable, though the practice of allowing an officer, who was a witness for the prosecution, to be sworn and serve as the "Officer of the Jury" is not to be commended.

No error appearing on the record, the judgment below is affirmed.

No error.