STATE v. HALLIE SCOTT.

(Filed 21 September, 1955.)

**1. Criminal Law § 81c (1)—**

　　In order to be entitled to a new trial, defendant must not only show error, but also that his rights were prejudiced thereby.

**2. Criminal Law § 57a—**

　　Defendant moved for a new trial on the ground that during the trial he discussed the case with one of the jurors before recognizing him as a juror. The court found that defendant had not shown that he was in any wise prejudiced by the occurrence, and denied defendant's motion for a new trial. *Held:* The ruling of the court is not reviewable. G.S. 9-14.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendant Hallie Scott from *Bone, J.,* February Term 1955 of CRAVEN.

Criminal prosecution for a felonious assault with a deadly weapon, to wit, a pistol, on George Rogers.

Verdict: Guilty of assault with a deadly weapon.

Judgment: Imprisonment for 18 months in jail to be assigned to work the public roads.

After the jury had returned its verdict, the defendant made a motion in writing to set aside the verdict and for a new trial. The affidavit of the defendant supporting the motion, and the motion, recite the following facts: On Thursday, 17 February 1955, after court had adjourned for the day, and after the judge had instructed the jury not to discuss the case with anyone, one of the jurors, Fred Tippett, requested the defendant to buy for him a bottle of paregoric, and that some discussion of the case was had before the defendant recognized Tippett as a juror. Next morning the defendant reported this incident to his counsel, who notified the judge about it in open court before the rendition of the verdict.

The judge made these findings of fact: During the morning session of court, and while the jury was in its room deliberating upon its verdict, counsel for the defendant informed the judge as to the incident set forth in the written motion and affidavit of defendant. A few minutes thereafter the jury returned its verdict. It had not been informed of the matters set out in the motion and affidavit, until after verdict. The judge made no finding as to the truth of the matters set forth in defendant's affidavit and motion for the reason that the judge is of the opinion that if the same is true, it constitutes no ground for a new trial, in that the defendant has not shown that he was in any wise prejudiced by said occurrence, if it took place.

The motion was denied, and the defendant appeals, assigning error.

*W. B. Rodman, Jr., Attorney General, and Robert E. Giles, Assistant Attorney General, for the State.*

*Cecil D. May for Defendant, Appellant.*

PER CURIAM. The defendant has one assignment of error: the failure of the Trial Judge to allow his written motion to set aside the verdict. The defendant has not excepted to the finding of fact of the court that the defendant has not shown that he was in any wise prejudiced by said occurrence. It is hard to conceive that the defendant would have said anything to his hurt in his conversation with juror Tippett. What was said in the conversation does not appear. The evidence supports the finding. To obtain a new trial, it is not sufficient to show error, but the defendant must show that his rights were prejudiced thereby. *S. v. Davis,* 229 N.C. 386, 50 S.E. 2d 37; *S. v. King,* 225 N.C. 236, 34 S.E. 2d 3; *S. v. Beal,* 199 N.C. 278, 303, 154 S.E. 604.

G.S. 9-14 reads in part: The judge "shall decide all questions as to the competency of jurors," and his rulings thereon "are not subject to

review on appeal unless accompanied by some imputed error of law." *S. v. DeGraffenreid,* 224 N.C. 517, 31 S.E. 2d 523. The assignment of error presents no reviewable question of law, and is not sustained. *S. v. Suddreth,* 230 N.C. 239, 52 S.E. 2d 924; *S. v. Hill,* 225 N.C. 74, 33 S.E. 2d 470; *S. v. Trull,* 169 N.C. 363, 85 S.E. 133.

Affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.