## STATE v. MATTHEW PHILLIP BASS.

(Filed 19 November, 1958.)

**1. Criminal Law § 42—**

In a prosecution for rape, articles of clothing identified by the prosecutrix as wearing apparel removed from her person and later found in the building are competent.

**2. Same—**

A knife used by defendant in cutting prosecutrix, properly identified, is competent in evidence.

**3. Criminal Law § 84—**

Where articles of clothing worn by prosecutrix and a knife used by defendant are properly identified and admitted in evidence, corroborative testimony of other witnesses in regard thereto is competent.

**4. Criminal Law § 43—**

Photographs, testified to be accurate representations of the areas surrounding the scene of the crime, are properly admitted for the limited purpose of explaining the testimony of the witnesses.

**5. Criminal Law § 109: Rape § 27—**

Where, in a prosecution for rape, there is testimony that defendant also cut the prosecutrix with a knife, the court properly instructs the jury upon the question of defendant's guilt of assault with a deadly weapon as an offense included within the offense charged.

PARKER, J., not sitting.

APPEAL by defendant from *Paul, J.,* at July 1958 "Assigned" Term of WAKE.

Criminal prosecution upon a bill of indictment, No. 3724, charging, summarily stated, that Matthew Phillip Bass, at and in the

STATE *v.* BASS.

county of Wake, North Carolina, on the 12th day of June, 1958, did rape a certain named female person.

The defendant Matthew Phillip Bass, upon arraingment at the Bar of the court, then and there present and represented by counsel, theretofore assigned by the courts to defend defendant, pleaded not guilty, and "for good and for evil puts himself upon God and his country."

And upon trial in Superior Court the State offered evidence tending to show that defendant committed the crime charged in all of its elements,—details of which would not serve any useful purpose and, hence, may rest in the record of case on appeal. Defendant offered no evidence. And the case was submitted to the jury under the charge of the court.

Verdict: The jurors for their verdict say that the defendant Matthew Phillip Bass is Guilty of Rape as charged.

Judgment: Death by inhalation of lethal gas as provided by law.

Defendant, through his counsel, excepts thereto and appeals to the Supreme Court of North Carolina, and assigns error.

*Attorney General Seawell, Assistant Attorney General, Harry W. McGalliard, for the State.*
*Herman L. Taylor, Samuel S. Mitchell for defendant, appellant.*

WINBORNE, C. J.  The record fails to show that defendant moved to dismiss the action or for judgment as of nonsuit when the State had introduced its evidence and rested its case, or at the close of all the evidence in accordance with the provisions of G.S. 15-173. Nor does the defendant contend here on this appeal that the evidence is insufficient to take the case to the jury on the charge laid, and to support the verdict rendered against him.

But defendant does set forth in the case on appeal assignments of error covering eighty-four exceptions to matters occurring in the course of the trial in Superior Court, and to portions of the charge as given by the trial judge to the jury, and to his failure to charge in other aspects.

The exceptions brought forward in large measure relate to (1) direct testimony of prosecutrix in identifying wearing apparel removed from her person, and later found in the building, and as to knife of defendant with which prosecutrix was cut, all introduced in evidence; (2) corroborative testimony of other witnesses pertaining thereto; and (3) photographs admitted in evidence for the purpose of illustrating the testimony of prosecutrix and of other witnesses as to areas surrounding the scene of the crime charged.

The action of the court in admitting such evidence finds approval

in decisions of this Court. *S. v. Wall,* 205 N.C. 659, 172 S.E. 216; *S. v. Petry,* 226 N.C. 78, 36 S.E. 2d 653; *S. v. Hooks,* 228 N.C. 689, 47 S.E. 2d 234; *S. v. Speller,* 230 N.C. 345, 53 S.E. 2d 294.

In the *Speller case,* in opinion by *Ervin, J.,* it is said: "The articles of clothing produced at the trial by the prosecution were rightly received in evidence. They were identified as the garments worn by the accused and prosecutrix at the time named in the indictment, and bore tears and stains corroborative of the State's theory of the case," citing *S. v. Wall, supra,* and other cases. The same principle would apply as to the knife of defendant with which, prosecutrix testified, he threatened her and actually cut her hands, face and throat.

Moreover, the decisions of this Court uniformly hold that while in the trial of cases, civil or criminal, in this State, photographs may not be admitted as substantive evidence, *Honeycutt v. Brick Co.,* 196 N.C. 556, 146 S.E. 227; *S. v. Perry,* 212 N.C. 533, 193 S.E. 727, where there is evidence of the accuracy of a photograph, a witness may use it for the restricted purpose of explaining or illustrating to the jury his testimony relevant and material to some matter in controversy. See *S. v. Gardner,* 228 N.C. 567, 46 S.E. 2d 824, and cases cited. Also *S. v. Chavis,* 231 N.C. 307, 56 S.E. 2d 678; *S. v. Rogers,* 233 N.C. 390, 64 S.E. 2d 572; *S. v. Norris,* 242 N.C. 47, 86 S.E. 2d 916.

Testing the matters of testimony in respect to photographs by the principle here stated, error in the rulings of the trial judge is not made to appear.

Furthermore defendant contends that the court erred in charging the jury in respect to verdicts that may be rendered by the jury.

In this connection it is provided in pertinent part by statute G.S. 15-169, formerly C.S. 4639, that: "On the trial of any person for rape * * * when the crime charged includes an assault against the person, it is lawful for the jury to acquit of the felony and to find a verdict of guilty of assault against the person indicted, if the evidence warrants such finding * * *." And speaking to the subject of this statute in *S. v. Williams,* 185 N.C. 685, 116 S.E. 736, this Court, in opinion by *Walker, J.,* had this to say: "It is a well recognized principle that where one is indicted for a crime, and under the same bill he may be convicted of a lesser degree of the same crime, and there is evidence tending to support the milder verdict, the prisoner is entitled to have this view presented to the jury under a correct charge, and an error in this respect is not cured by a verdict convicting the prisoner of a higher offense, for in such case it cannot be determined that the jury would not have convicted of the lesser crime if the view had been correctly presented by the judge, upon evidence." And the Court went on to say, as in the instant case, "defendant, as stated, is indicted for

the crime of rape. Under such an indictment, and by express provision of our statute law, a verdict of assault with a deadly weapon, or even of simple assault, could be rendered if there is evidence to support such a finding * * *." Hence it is clear that the trial judge was not in error in charging the jury in the present case, there being evidence tending to show such assault, that if the jury acquit defendant of the charge of assault with the intent to commit rape, the jury will then consider and determine whether he is guilty or not guilty of assault upon the prosecutrix with a deadly weapon.

In conclusion, all other assignments of error have been given careful consideration, and we fail to find cause for disturbing the judgment on the verdict rendered against defendant. Hence the judgment will be, and is hereby affirmed— there being

No Error.

PARKER, J., not sitting.