## STATE v. JOHN I. HUDLER.

(Filed 29 September, 1965.)

**Criminal Law § 154—**

At the time of arresting defendant, the officer found a partially filled bottle of whiskey on the seat of defendant's car, which bottle the officer kept in his home until the trial. Defendant contended that the failure of the officer to turn the whiskey over to the sheriff's office deprived his counsel of foreknowledge of its existence, and that the introduction of the bottle in evidence took his counsel by surprise, denying defendant a fair trial. *Held:* The contention is untenable, it being manifest that defendant knew the bottle was in his automobile and could have advised his attorney about it.

APPEAL by defendant from *Morris, J.,* March 1965 Session of JONES.

Criminal prosecution upon a warrant charging defendant with unlawfully and wilfully operating an automobile upon a public highway within the State while under the influence of intoxicating liquor, heard *de novo* in the superior court upon appeal by defendant from a judgment of conviction and sentence in the Jones County recorder's court.

Plea: Not guilty. Verdict: Guilty.

From a judgment of imprisonment for a term of not less than eight months nor more than twelve months, defendant appeals.

*Attorney General T. W. Bruton and Deputy Attorney General Ralph Moody for the State.*

*Charles L. Abernethy, Jr., for defendant appellant.*

PER CURIAM. The State's evidence shows the following facts: About 10:15 p.m. on 14 November 1964 a State highway patrolman, who was driving a patrol automobile north on Highway #17, saw ahead of him an automobile parked half on the shoulder and half on the pavement of the highway. As he approached, this automobile pulled up on the highway and proceeded toward the town of Pollocksville weaving back and forth across the center of the highway. He pulled up beside this automobile and turned on his red light and siren, but its driver did not stop until the automobile had gone about a quarter of a mile. When this automobile stopped, the patrolman got out of his automobile and went to it. Defendant got out of this automobile, came down the side of this automobile holding to it, and fell backwards on the boot of this automobile. Defendant had a strong odor of intoxicating liquor on his breath and told the patrolman he had run up with three friends in Jacksonville, and during the afternoon and evening they had drunk three pints of liquor. The patrolman looked in his automobile and saw

on the front seat a pint bottle of Kentucky Gentleman half full. In the opinion of the patrolman, defendant was drunk. The patrolman carried defendant to the county jail. In going up the steps to the jail, defendant had to hold to the railing, and when he came down to go in the jail he fell down on the steps, hit the patrolman, and knocked him down the steps.

Defendant, testifying in his own behalf, said he had been drinking but was not under the influence of intoxicants. He admitted on cross-examination he had been convicted three times previously for driving an automobile while under the influence of intoxicating liquor, and twice previously for driving an automobile while his operator's license was revoked.

None of defendant's assignments of error are supported by an exception duly taken in apt time. We have consistently held that an assignment of error not supported by an exception is ineffectual. *S. v. Strickland,* 254 N.C. 658, 119 S.E. 2d 781; *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223, and cases cited.

Defendant's contention, as set forth in his assignments of error, is as follows: The patrolman testified he kept in his home the half-filled bottle of whisky he found in the front seat of defendant's automobile when he arrested him, and did not turn it over to the sheriff's office or to the clerk of the court, because he "had some to disappear on a number of occasions." The court permitted this bottle of whisky to be exhibited to the jury and introduced in evidence over his objection. (The record shows no exception by defendant to the court's ruling.) Defendant contends that the patrolman's keeping this whisky in his home denied his counsel any foreknowledge of its existence, because such whisky is usually stored in the sheriff's office, took his counsel by surprise, and denied him a fair trial.

It seems manifest defendant knew this bottle of whisky was in his automobile and could have told his attorney about it. The court properly admitted the bottle of whisky in evidence. *S. v. Mostella,* 159 N.C. 459, 74 S.E. 578; *S. v. Speller,* 230 N.C. 345, 53 S.E. 2d 294; *S. v. Bass,* 249 N.C. 209, 105 S.E. 2d 645; *Baker v. State,* Texas Crim. App., 225 S.W. 2d 828. The contention of defendant's counsel in ingenious, but not convincing, and is overruled.

Defendant makes no contention that the State's evidence is insufficient to carry the case to the jury and to support the verdict. He does not challenge the charge in any respect.

Defendant's appeal itself is an exception to the judgment, presenting the face of the record proper for review. *S. v. Ayscue,* 240 N.C. 196, 81 S.E. 2d 403; Strong's N. C. Index, Vol. 1, Appeal and Error, § 21. The judgment is regular on its face and is supported by the verdict.

Defendant has had a fair trial free from error, and must abide the consequences of his acts.

No error.