STATE OF NORTH CAROLINA v. WILSON MILLER.

(Filed 13 December, 1967.)

1. **Criminal Law §§ 24, 26, 30—**

When the solicitor announces upon defendant's arraignment, or thereafter in open court, that the State will not ask for a verdict of guilty of the maximum crime charged but will ask for a verdict of guilty of a designated and included less offense embraced in the bill, and the announcement is entered in the minutes of the court, such announcement is the equivalent of a verdict of not guilty on the charge or charges the solicitor has elected to abandon, and the State will not be permitted another prosecution on the charge or charges eliminated.

2. **Criminal Law § 171—**

An announcement by the solicitor in open court that the State would prosecute defendant only for manslaughter precludes the State from thereafter prosecuting defendant for murder in the second degree, but the trial court's submission of the charge of second degree murder to the jury, though technically erroneous, *held* not to warrant a new trial in this case, since the jury returned a verdict of guilty of manslaughter, and since the record fails to disclose that another trial would produce a different or more favorable result.

APPEAL by defendant from *Carr, J.,* May 1967 Criminal Session, DURHAM Superior Court.

At the May 1965 Session, the Grand Jury returned a bill of indictment charging the defendant, Wilson Miller, with the murder of

Bruce Browning. At the December 1965 Session, upon arraignment, the Solicitor announced that the State would not seek a verdict of guilty of murder in the first degree but would ask for a verdict of guilty of murder in the second degree, or manslaughter, as the evidence might warrant. The jury returned a verdict of guilty of manslaughter. The Court imposed a prison sentence of 5 to 7 years. On appeal, this Court granted a new trial. The case is reported in 267 N.C. 409.

At the new trial before Carr, J., the Solicitor announced the State would only prosecute for the crime of manslaughter. The announcement was recorded. However, the Solicitor either made the announcement inadvertently or changed his mind after conference at the bench with the Court and defense counsel. The charge of murder in the second degree and manslaughter were submitted to the jury under the Court's charge. The State's evidence at the new trial (which is summarized in our former opinion) was substantially the same in material parts as that introduced at the first trial.

The jury again returned a verdict finding the defendant guilty of manslaughter. Judge Carr imposed a prison sentence of 5 to 7 years. The defendant has again appealed.

*T. W. Bruton, Attorney General, Harry W. McGalliard, Deputy Attorney General, for the State.*
*Blackwell M. Brogden for defendant appellant.*

HIGGINS, J. Defense counsel, in the brief and in the oral argument, has insisted the trial court committed prejudicial error by permitting the Solicitor to place the defendant on trial for murder in the second degree, after having placed in the record the announcement he would ask for a verdict of guilty of manslaughter only. Had the jury convicted the defendant of murder in the second degree, as it might have under the Court's charge, a grave question would be presented whether the verdict could stand. But the jury, having convicted of manslaughter only, we are confronted with the question whether prejudice is shown by the submission of murder in the second degree.

This Court, in many cases, has considered the effect of the Solicitor's announcement that the State would not prosecute on certain counts in a bill. There seems to be no difference whether the counts are separately stated or included as different degrees of guilt in a single count.

In *State v. Hunt*, 128 N.C. 584 (431 in the revision), 38 S.E. 473, Clark, J. (later C.J.) stated: "Under an indictment for murder the defendant may be convicted either of murder in the first degree,

murder in the second degree, or manslaughter, and even of assault with a deadly weapon, or simple assault 'if the evidence shall warrant such finding' when he is not acquitted entirely. Laws 1885, ch. 68. It is as if all these counts were separately set out in the bill (for it includes all of them), *S. v. Gilchrist,* 113 N.C. 673; and the Solicitor can *nol pros.* any count, and a *nol pros.* in such case is in effect a verdict of acquittal as to that. *S. v. Taylor,* 84 N.C. 773; *S. v. Sorrell,* 98 N.C. 738. (587)."

In *State v. Brigman,* 201 N.C. 793, 161 S.E. 727, Stacy, C.J. stated: "The announcement of the solicitor made before entering upon the trial that the State would not prosecute the defendant for the alleged wilful abandonment and nonsupport of his wife, was tantamount to taking a *nolle prosequi,* or . . . an acquittal, on this charge." Citing *State v. Hunt, supra.*

In *State v. Wall,* 205 N.C. 659, 172 S.E. 216, Stacy, C.J. stated: "The announcement of the solicitor made before entering upon the trial that the State would not ask for a verdict of more than murder in the second degree was tantamount to making a *nolle prosequi* on the capital charge." Citing *State v. Spain,* 201 N.C. 571, 160 S.E. 825.

In *State v. Locklear,* 226 N.C. 410, 38 S.E. 2d 162, this Court stated: "And when the solicitor stated that he would not ask for a verdict of first degree burglary but would only ask for a verdict of second degree burglary on the indictment, it was tantamount to taking a nol pros with leave on the capital charge." Citing *State v. Spain, supra.*

The use of the expression "with leave" seems to imply the capital charge might thereafter be revived. We do not think the authorities permit another prosecution for any offense which the Solicitor has elected to eliminate. The Solicitor is a constitutional officer authorized and empowered to represent the State. The State is not permitted to split up an indictment and try it piecemeal. In *State v. Haddock,* 254 N.C. 162, 118 S.E. 2d 411, Parker, J. (now C.J.) stated: "The trial judge's election not to submit to the jury in his charge the second count in the indictment will be treated as the equivalent of a verdict of not guilty on that count." Citing *State v. Mundy,* 243 N.C. 149, 90 S.E. 2d 312; *State v. Love,* 236 N.C. 344, 72 S.E. 2d 737. The correct theory is that the State should present all charges in the indictment in one trial without reserving anything which would or might bring the defendant back to answer a charge which the State, by failing to present at the proper time, had abandoned.

In this case, the defendant has not shown prejudice. At the first trial, issues of his guilt of murder in the second degree or man-

slaughter were properly submitted. The jury convicted of manslaughter. The State's evidence tended strongly to show the defendant intentionally shot Bruce Browning through the heart. Browning was unarmed. In neither of his trials did the defendant testify or introduce evidence. The record fails to disclose any valid ground upon which the defendant may place hope for a verdict of not guilty.

Inasmuch as the legal effect of the Solicitor's announcement not to prosecute for murder in the second degree is directly presented on this appeal, we deem it not inappropriate to state here what we conceive to be the legal effect of the announcement. When, upon arraignment, or thereafter in open court, and in the presence of the defendant, the Solicitor announces the State will not ask for a verdict of guilty of the maximum crime charged but will ask for a verdict of guilty on a designated and included lesser offense embraced in the bill, and the announcement is entered in the minutes of the Court, the announcement is the equivalent of a verdict of not guilty on the charge or charges the Solicitor has elected to abandon. *State v. Pearce,* 266 N.C. 234, 145 S.E. 2d 918.

It appears the Solicitor's announcement that he would prosecute for manslaughter only precluded the State from prosecuting for murder in the second degree. Consequently, the Court committed error in submitting second degree murder, and charging the jury on that offense. However, the record fails to disclose any basis for hope that another trial would produce a different or more favorable result. Technical error is not enough. Such error is non-prejudicial unless it may have affected the outcome. *State v. Woolard,* 260 N.C. 133, 132 S.E. 2d 364; *State v. Downey,* 253 N.C. 348, 117 S.E. 2d 39; *State v. Scott,* 242 N.C. 595, 89 S.E. 2d 153; *State v. Garner,* 203 N.C. 361, 166 S.E. 180.

No error.

PLESS, J., concurs in result.