STATE OF NORTH CAROLINA v. SHIRRELL GENE MULWEE

No. 7517SC552

(Filed 5 November 1975)

1. **Constitutional Law § 31; Criminal Law § 98— presence of defendant at trial — waiver of right**

    It is well settled that a defendant in a criminal prosecution has the right to be present throughout his trial and that right may be waived only in prosecutions for less than capital offenses; it is also settled that in cases where a defendant is on trial for less than a capital crime, his voluntary absence from court after his trial begins constitutes a waiver of his right to be present.

2. **Criminal Law §§ 98, 102— absence of defendant — first degree murder charge waived**

    The district attorney during the trial of defendant on a capital offense, and when defendant was voluntarily absent, could properly elect to waive the charge of first degree murder and proceed with the prosecution of a noncapital offense, second degree murder.

3. **Criminal Law § 24— not guilty plea to murder — inclusion of lesser included offenses**

    Defendant's contention that the trial court erred in allowing the State to proceed on a charge of second degree murder without defendant entering a plea to such charge is without merit since the bill of indictment charged defendant with murder and included first and second degree murder, manslaughter, and possibly other lesser offenses, and defendant's plea of not guilty included all lesser included offenses embraced in the bill of indictment.

APPEAL by defendant from *Lupton, Judge.* Judgment entered 12 February 1975 in Superior Court, STOKES County. Heard in the Court of Appeals 16 October 1975.

By indictment proper in form, defendant was charged with the murder of Michael Wayne Swain on 12 January 1974. He was placed on trial for first-degree murder and pled not guilty.

The trial lasted several days. Following the introduction of the testimony and a night's recess, defendant failed to appear when court convened the next morning at 9:30. At 10:30 a.m. defendant had not appeared and his counsel moved for a continuance but the motion was overruled, defendant was duly called and a capias instanter was issued for him.

At 2:25 p.m. on the same day, defendant still had not appeared and his counsel was unable to explain his absence. Defense counsel again moved for a continuance and then moved

State v. Mulwee

for a mistrial. Neither motion was allowed. Thereupon, the district attorney announced that the State elected not to proceed further on the charge of first-degree murder but would ask for no greater verdict than second-degree murder. Defense counsel objected.

The court permitted the trial to proceed on the charge of second-degree murder throughout the afternoon without defendant being present. The next morning defendant was present in court and the trial proceeded to its conclusion with him present. The jury returned a verdict of guilty of second-degree murder and from judgment imposing prison sentence of not less than 18 years nor more than 25 years, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General John M. Silverstein, for the State.*

*Clarence W. Carter and Stephen G. Royster for defendant appellant.*

BRITT, Judge.

All three of defendant's assignments of error relate to the trial proceedings conducted during his absence.

By his first and second assignments, he contends that the court erred (1) in proceeding in his absence when he was on trial for first-degree murder, and (2) in permitting the State, in his absence, to elect not to proceed on the first-degree murder charge and to proceed on the second-degree murder charge. We find no merit in these assignments.

[1] It is well settled that a defendant in a criminal prosecution has the right to be present throughout his trial, and that right may be waived only in prosecutions for less than capital offenses. *State v. Pope,* 257 N.C. 326, 126 S.E. 2d 126 (1962), and cases therein cited. It is also settled that in cases where a defendant is on trial for less than a capital crime, his voluntary absence from court after his trial begins constitutes a waiver of his right to be present. *State v. Stockton,* 13 N.C. App. 287, 185 S.E. 2d 459 (1971), and authorities therein cited. The case at hand is complicated by the fact that certain proceedings *were* conducted in defendant's trial for a capital offense in his absence.

[2] The question presented is whether the district attorney during the trial of defendant on a capital offense, and when

defendant was voluntarily absent, could properly elect to waive the charge of first-degree murder and proceed with the prosecution of a noncapital offense. Under the facts in this case, we hold that he could.

The district attorney (solicitor) is a constitutional, judicial officer authorized and empowered to represent the State in criminal prosecutions. *State v. Miller*, 272 N.C. 243, 158 S.E. 2d 47 (1967). In *Miller*, at page 246, the court, speaking through Justice Higgins, states:

> " . . . When, upon arraignment, or thereafter in open court, and in the presence of the defendant, the Solicitor announces the State will not ask for a verdict of guilty of the maximum crime charged but will ask for a verdict of guilty on a designated and included lesser offense embraced in the bill, and the announcement is entered in the minutes of the Court, the announcement is the equivalent of a verdict of not guilty on the charge or charges the Solicitor has elected to abandon. *State v. Pearce*, 266 N.C. 234, 145 S.E. 2d 918."

While the above quoted statement includes "and in the presence of the defendant," and cases cited by defendant contain similar language, we think the authorities have to be considered in the context in which they were written. In our opinion, the context in the cases relied on by defendant is entirely different from that presented here. Furthermore, it is necessary that an appellant not only show error but that he was prejudiced thereby. 3 Strong, N. C. Index 2d, Criminal Law § 167. Surely, a defendant in a capital case is not prejudiced when the State elects to abandon the capital offense, which is equivalent to a verdict of not guilty on the more serious charge, and proceeds on a lesser offense included in the bill of indictment.

To accept defendant's contention could lead to impossible situations. If the court in the instant case could not permit the State to reduce the charge in the absence of defendant, how could it have allowed the motion of defense counsel for a continuance or a mistrial? If all proceedings were stayed, and defendant had remained away for an extended period of time, would it have been necessary to extend the February 1975 Session of Stokes Superior Court for weeks, months, or even years until such time as defendant saw fit to return for his trial? To accept

the contention could also mean that bail should never be allowed in capital cases.

[3] By his third assignment of error, defendant contends the court erred in allowing the State to proceed on a charge of second-degree murder without defendant entering a plea to such charge. This assignment is likewise without merit. The bill of indictment charged defendant with murder and included first and second-degree murder, manslaughter, and possibly other lesser offenses. When defendant was arraigned and pled' not guilty, his plea included all lesser included offenses embraced in the bill of indictment.

No error.

Judges VAUGHN 'and ARNOLD concur.